UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-106(MJD/SER)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| v. | ) | |
| | ) | |
| JOSEPH BENJAMIN THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, B. Todd Jones, United

States Attorney for the District of Minnesota, and Andrew R. Winter, Assistant United

States Attorney, submits this memorandum in connection with the sentencing of

defendant Joseph Thomas.

Background:

Thomas has pled guilty to one count of Possession With the Intent to Distribute 50

Grams or More of Methamphetamine (Actual), in violation of Title 21 U.S.C. §§

841(a)(1) and 841 (b)(1)(A).  The offense of conviction carries a 10-year mandatory

minimum sentence unless the "safety-valve" provisions apply.[1]  The government believes

that Thomas meets the criteria for the application of the safety-valve provision which

would then reduce his offense level by two and would allow the court to sentence below

---

[1] The Presentence Report (PSR) calculated a total offense level of 33 (34+2-3=31).  At a criminal history category I, Thomas' advisory guideline range for his offense would be 135-168 months imprisonment. The PSR found the specific offense characteristic under Section 2D1.1(b)(1) to apply whereas the government had agreed with defense at the time of the plea that it did not.  Accordingly, the government does not herein argue the applicability of that specific offense characteristic.

the mandatory minimum 10-year sentence.  Despite his eligibility for this provision, the United States is seeking a sentence of 120 months and provides support for this position below.

### The Government's Position on Sentencing

**A.  3553(a) Factors**

The government advocates for a base offense level of 32 and agrees that a 3-level reduction is appropriate for acceptance of responsibility.  If the Court applies the safety-valve reduction, the defendant's guidelines range would be 70-87 months (32-3-2=27/Category I).  The government is requesting a sentence of 120 months. Recognizing that 120 months represents an upward variance, the government believes that such a sentence is reasonable when all the facts and circumstances of the defendant's case and his background are taken into account.  In conjunction with the 3553(a) factors, the government moves for an upward departure under 5K2.21 which, as argued below, allows the court to consider uncharged conduct in fashioning a just sentence.

The Court must determine what constitutes a reasonable sentence as guided by the factors of Title 18, United States Code, Section 3553(a).  As a first step, the Court must determine the applicable Sentencing Guidelines.  Although the Guidelines are advisory, the Court must "remain cognizant of them throughout the sentencing process."  Gall v. United States, 552 U.S. 38, 50 n.6 (2007).  Indeed, a court may "'rest [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case' if the court

2

finds that the case before it is typical." <u>United States v. Robinson</u>, 516 F.3d 716, 718 (8th Cir. 2008) (quoting <u>Rita v. United States</u>, 551 U.S. 338, 357 (2007)).   In addition to considering the Guidelines, Section 3553(a) requires the Court to analyze a number of factors, including the nature and circumstances of the offense, the history and circumstances of the defendant, the need for the sentence to reflect the seriousness of the offense, the need for deterrence, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted disparities.   18 U.S.C. § 3553(a).   A discussion of these factors follows:

      1) <u>Nature and Circumstances/Seriousness of the Offense</u>.   Thomas engaged in methamphetamine trafficking over an extended period of time while the subject of an on-going F.B.I. investigation into the defendant's association with the National Socialist Movement.   During this undercover investigation, law enforcement collected hours of recorded conversation in which Thomas discussed his desire to form a more radical organization which could carry out attacks against the United States, as well as minority individuals.   During one such conversation, Thomas described himself as a "domestic terrorist."

      2) <u>History and Circumstances of the Defendant</u>.   Thomas' criminal history understates the threat he represents to the community at large.[2]   In 1991, Thomas was

---

[2] Section 3553(a) allows courts to vary upward based on an under-represented criminal history or recidivism.   <u>See</u> <u>United States v. Barrett</u>, 552 F.3d 724, 726 (8th Cir. 2009)(citing, <u>inter alia</u>, 18 U.S.C. Sections 3553(a)(1), (a)(2)(A) and (a)(2)(C)).   This is the case even if that criminal history has already been included in calculating the defendant's criminal history category.   <u>Id</u>. at 726-27.

convicted of the felony offense of Terroristic Threats - an incident arising out of a domestic situation. <u>See</u> paragraph 28, PSR. In 1997, the defendant was convicted of being a Felon in Possession of a Firearm after taking the police on a high-speed chase and discarding a firearm before crashing his vehicle into a tree. <u>See</u> paragraph 39, PSR. Thomas then amassed six (6) separate misdemeanor driving offenses during the period covering 2003 through 2011 and received no criminal history points for this repeated criminal conduct. Because a Category I criminal history understates the threat presented and the likelihood that he will recidivate, the United States moves for the Court to depart or vary upward and sentence the defendant to 120 months. The PSR suggests that the defendant entered the world of drug-trafficking as a means to bring in extra income despite having a regular job working at a bar formerly owned by his family. <u>See</u> paragraph 81, PSR. This decision under these circumstances highlights the need for a lengthy prison sentence.

3) <u>Deterrence</u>. A sentence of 120 months provides a deterrent-effect to Thomas and to other individuals who might choose to place themselves and their families at risk by engaging in the trafficking of a dangerous and highly addictive controlled substance as a way of supplementing an income stream.

4) <u>Protection of the Public</u>. A significant prison sentence will serve to protect the public from the dangers inherent in trafficking methamphetamine and the dangers posed by the defendant's extremist views and his willingness to act upon them. Further, the defendant's obsession with and access to firearms evidenced throughout his

adult life is of particular concern when coupled with his outlook on minorities and his willingness to become involved in criminal activities.  See paragraphs 7, 11, 20, 38 and 39.

       5)  <u>Avoiding Unwanted Disparities</u>.   Thomas is a methamphetamine trafficker with a desire to harm and/or eliminate minority members of our society through violence.   A 10-year sentence will avoid unwanted disparities in the sentencing of dangerous defendants who traffic in illegal substances.

**B. Upward Departure Under Section 5K2.21**

The government also moves for an upward departure under Section 5K2.21.  This provision states as follows:

> The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

This Court has wide discretion and "may consider any relevant information that may assist the court in determining a fair and just sentence."  <u>United States v. Pratt</u>, 553 F.3d 1165, 1170 (8th Cir. 2009).  The Court may consider relevant information that "[includes] criminal activity for which the defendant has not been prosecuted."  <u>Id</u>.

Considering the defendant's stated desire to firebomb the Mexican Consulate and his ensuing actions to plan the event, an upward departure under Section 5K2.21 is appropriate.   This conduct his highly suggestive of his dangerousness and evidences

Thomas' likelihood to recidivate and incorrigibility.  See United States v. Gant, 663 F.3d 1023 (8th Cir. 2011)(a court may take into account any evidence of obvious incorrigibility).  This evidence - coupled with the defendant's obvious obsession with firearms evidenced in the PSR - presents a compelling argument that a guidelines sentence of 70-87 months is insufficient to protect the public from the defendant's persistent criminal behavior.

The uncharged conduct need not be *directly* related to the offense of conviction to be relevant for sentencing purposes, but rather, it must relate in some way to the offense of conviction and even a remote relationship will suffice.  See United States v. Flores, 336 F.3d 760, 765 n. 6 (8th Cir. 2003)(evidence of defendant's participation in a shooting was properly considered in sentencing for possession with intent to distribute LSD).  See also United States v. Ademi, 439 F.3d 964 (upward departure in a felon in possession and harboring illegal alien convictions where defendant assaulted his employee) and United States v. Rogers, 423 F.3d 823 (8th Cir. 2005)(in sentencing of defendant convicted of possession of child pornography it was proper for court to consider evidence that defendant harmed adult victims during a castration procedure performed in a motel room).

Under either 3553(a) factors or Section 5K2.21, an upward variance or departure is appropriate in defendant's case and the Government believes that a sentence of 120 months is a fair and just.


Dated: March 18, 2013                    Respectfully Submitted,

                                         B. TODD JONES
                                         United States Attorney

                                         *s/ Andrew R. Winter*

                                         BY: ANDREW R. WINTER
                                         Assistant U.S. Attorney
                                         Attorney ID No. 232531